UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DAVID GRIFFIN,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER, INC., JOHNSON & JOHNSON HEALTH CARE SYSTEMS, INC., ETHICON, INC., ETHICON ENDO-SURGERY, INC., ETHICON ENDO-SURGERY, LLC, and ETHICON US, LLC,<br><br>Defendants. | Case No. 2:21-cv-134 |

**OPINION AND ORDER**

Plaintiff David Griffin brings this action alleging that he suffered harm as the result of a defective medical device. Pending before the Court is Plaintiff's motion to compel the continued deposition of Jennifer Houston, and for leave to take the deposition of Janice Hinsey. Defendants inform the Court that they have agreed to schedule the Hinsey deposition. Defendants also contend that the motion to compel continuation of the Houston deposition is premature, since the need for additional testimony from Houston depends upon Hinsey's testimony. For reasons set forth below, and in light of Defendants' agreement to produce Hinsey for a deposition, the Court denies Plaintiff's motions without prejudice to re-filing if necessary.

Plaintiff's first motion asks the Court to order the continued deposition of Jennifer Houston. On August 25, 2025, Houston was deposed for approximately six and a half hours. Her testimony related, at least in part, to defendant Ethicon, Inc.'s complaint files. The parties agreed that Houston's deposition might be continued "depending upon the testimony of other witnesses." ECF No. 171 at 5. Those witnesses reportedly include Janice Hinsey, who is also expected to testify about Ethicon, Inc.'s complaint files.

Federal Rule of Civil Procedure 30(d)(1) states that unless stipulated or ordered by a court, depositions are limited to "one day of seven hours." Fed. R. Civ. P. 30(d)(1). The Rule also provides that a court "must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

The necessity of further testimony from Houston may depend upon Hinsey's deposition testimony. Indeed, Plaintiff's memorandum in support of his motion states that "the parties agreed on the record to suspend Jennifer Houston's deposition with the understanding that it would be reconvened depending on testimony from other witnesses, *primarily Janice Hinsey*." ECF No. 185-1 at 2 (emphasis added). The memorandum further explains that "Hinsey [is] expected to be knowledgeable and able to

testify about Defendants' complaint file production." *Id.* at 3. Accordingly, the Court finds that Plaintiff's motion to compel the continued testimony of Jennifer Houston is premature.

Plaintiff's second motion asks the Court for leave to depose Hinsey. The motion was reportedly filed in response to Defendants' refusal to produce Hinsey for deposition. Defendants have informed the Court that they will cooperate with Plaintiff and schedule Hinsey for deposition. Plaintiff argues that despite Defendants' agreement, a Court order is required to ensure compliance. The Court finds that an order compelling Hinsey's deposition is unnecessary given Defendants' representations, and that Plaintiff's motion is moot.

For the reasons set forth above, the motion to compel the continued deposition of Jennifer Houston and the motion for leave to depose Janice Hinsey (ECF No. 185) are denied without prejudice to re-filing. Plaintiff's related motion to file certain exhibits under seal (ECF No. 193) is granted. The parties shall bear their own costs and fees with respect to these motions. *See* Fed. R. Civ. P. 37(a)(5)(B) (a court must not award expenses if such an award would be "unjust").

Dated at Burlington, in the District of Vermont, this 11th day of September 2026.

/s/ William K. Sessions III
Hon. William K. Sessions III
U.S. District Court Judge